IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| MARVIN LEE WILSON, Petitioner | § | |
| | § | |
| vs. | § | No. 6:01cv186 |
| | § | Judge Leonard Davis |
| JANIE COCKRELL, Director, Texas Department of Criminal Justice, Institutional Division, Respondent | § § | |

## ORDER DENYING CERTIFICATE OF APPEALABILITY

This matter comes before the Court on Petitioner Marvin Lee Wilson's ("Wilson") application for a certificate of appealability, filed on July 25, 2002. On July 11, 2002, the Court denied Wilson's petition for writ of *habeas corpus* and granted the Respondent's motion for summary judgment. On July 25, 2002, Wilson filed an Amended Notice of Appeal. Under 28 U.S.C. § 2253, a petitioner may appeal from a final order denying his petition for writ of *habeas corpus* only if he has first been granted a certificate of appealability. To obtain a certificate of appealability, Wilson must make a substantial showing of the denial of a constitutional right. *See* 28 U.S.C. § 2253(c)(1)(A). Specifically, Wilson must demonstrate "that reasonable jurists could debate whether . . . the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

Wilson seeks a certificate of appealability on all six claims raised in his writ. In his first claim, Petitioner argues that his Eighth and Fourteenth Amendment rights were violated by the trial court's failure to inform the jury that Petitioner would not be eligible for parole until he

served thirty-five years in prison. Wilson relies upon *Simmons v. South Carolina*, 512 U.S. 154, 169 (1994), in which the Supreme Court held that due process requires a trial court to instruct the jury in a prosecution for capital murder that the defendant would be statutorily ineligible for release on parole if the jury imposed a life sentence. A few years later, in *Ramdass v. Angelone*, 530 U.S. 156, 169 (2000), the Supreme Court specifically stated that "*Simmons* applies only to instances where, as a legal matter, there is *no possibility* of parole if the jury decides the appropriate sentence is life in prison." (emphasis added) In the instant case, Wilson would have been eligible for release on parole had he received a life sentence. Wilson has failed to demonstrate that the issue is debatable among jurists of reason or that the question is adequate to deserve encouragement to proceed further. The Court will deny the application for a certificate of appealability on this first claim.

In his second claim, Wilson argues that his conviction was based on an unconstitutionally vague and overbroad statutory definition of "kidnapping" in violation of the Eighth and Fourteenth Amendments. Wilson only has standing, however, to raise the issue of whether his detention of Williams constitutes kidnapping. *See Broadrick v. Oklahoma*, 413 U.S. 601, 610 (1973) ("person to whom a statute may constitutionally be applied will not be heard to challenge that statute on the ground that it may conceivably be applied unconstitutionally to others"). In *Jurek v. Texas*, 428 U.S. 262, 267 (1976), the Supreme Court held that "Texas' capital-sentencing procedures, . . . , do not violate the Eighth and Fourteenth Amendments" in part because "[b]y narrowing its definition of capital murder, Texas has essentially said that there must be at least one statutory aggravating circumstance in a first-degree murder case before a death sentence may even be considered." The facts making up the kidnapping in the instant case are strikingly similar to those in *Jurek*, and clearly fall within the statutory definition of

kidnapping. Accordingly, Wilson has failed to demonstrate that this issue is debatable among jurists of reason or that the question is adequate to deserve encouragement to proceed further. The Court will deny the application for a certificate of appealability on Wilson's second claim.

In his third claim, Wilson contends that his rights under the Sixth Amendment and the Equal Protection Clause of the Fourteenth Amendment were violated by the prosecution's striking jurors based on race in violation of *Batson v. Kentucky*, 476 U.S. 79 (1986). Specifically, Wilson claims that the prosecution "engaged in disparate treatment of persons with the same or similar characteristics." Wilson failed to provide the Court with adequate material to support his claim, and therefore, he has not persuaded this Court that the issue is debatable among jurists of reason or that the question is adequate to deserve encouragement to proceed further. The Court will deny the application for a certificate of appealability on Wilson's third claim.

In his fourth claim, Wilson contends that his Fourth Amendment Due Process rights were violated by the introduction of evidence seized under invalid search warrants. A claim of Fourth Amendment error based on an allegedly unconstitutional search and seizure is not cognizable on federal *habeas corpus* review when the state has provided a petitioner with an opportunity for full and fair litigation of his claim. *Stone v. Powell*, 428 U.S. 265 (1976). Wilson does not even contend that he was denied a full and fair opportunity to litigate this issue pre-trial. Accordingly, Wilson has not shown this Court that the issue is debatable among jurists of reason or that the question is adequate to deserve encouragement to proceed further. The Court will deny the application for a certificate of appealability on Wilson's fourth claim.

In his fifth claim, Wilson contends that he was denied his Sixth Amendment right to counsel. Specifically, Wilson claims that trial counsel was ineffective in four instances: (1)

failing to obtain probable cause affidavits; (2) failing to request a charge on the lesser included offense of murder; (3) pressuring a material witness to change his testimony; and (4) conducting an in-court comparison of the physical attributes of Wilson to those of a witness in an effort to demonstrate similarities between the two. In making this claim, Wilson fails to satisfy the requirements of *Strickland v. Washington*, 466 U.S. 668 (1984). As such, Wilson has not demonstrated that the issue is debatable among jurists of reason or that the question is adequate to deserve encouragement to proceed further. The Court will deny the application for a certificate of appealability on Wilson's fifth claim.

In his sixth and final claim, Wilson contends that he was denied his Sixth Amendment right to effective assistance of counsel on appeal. Specifically, Wilson complains that his appellate counsel failed to adequately brief issues "regarding the constitutionality of parole instructions coupled with the Capital Sentencing scheme, the unconstitutionality of the Texas Capital Murder statute, illegally seized evidence, improper use of peremptory challenges by the state, and trial counsels' performance at guilt/innocence as well as punishment." As he did with his fifth claim, Petitioner completely fails to make any showing of deficient performance or prejudice under *Strickland*; therefore, he has not demonstrated that the issue is debatable among jurists of reason or that the question is adequate to deserve encouragement to proceed further. The Court will deny the application for a certificate of appealability on Wilson's sixth claim.

Having considered all of the issues,

IT IS HEREBY ORDERED that a certificate of appealability is DENIED as to all of Wilson's claims.

SIGNED this 29th day of August, 2002.

LEONARD DAVIS
UNITED STATES DISTRICT JUDGE